```
                    'UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                       SOUTHERN DIVISION at LONDON
```

| | | |
|---|---|---|
| HERIBERTO ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 6:20-cv-174-JMH |
| V. | ) | |
| | ) | |
| LIEUTENANT TONY, *et al.* | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

                        ***   ***   ***   ***

Plaintiff Heriberto Ortiz is an inmate confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Ortiz has filed a civil rights action against prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1].

By prior Order, the Court granted Ortiz's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 10]. Thus, the Court must conduct a preliminary review of Ortiz's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Ortiz's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.

2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Ortiz's complaint arises from his allegations that he was assaulted by two different cellmates, once in January 2020 by his cellmate Lopez and once in March 2020 by his cellmate Harold Evan-Garcia. He alleges that Evan-Garcia was assigned to be his cellmate, even though he is a rival to Ortiz's "association" and that Evan-Garcia had allegedly assaulted every cellmate that he's had. Prior to the March 2020 assault by Evan-Garcia, Ortiz claims that he raised his concerns about his safety and fears for his life directly to (or in the presence of) Officer Rose, Officer Sizemore, Lt. Tony, and Psychologist Dr. Parsons, but Ortiz's concerns were ignored.

Based on these allegations, Ortiz claims that Defendants Lt. Tony, Officer Rose, Officer Sizemore, Warden Gomez, and Dr. Parsons violated the Bureau of Prisons ("BOP") Mission statement, as well as Ortiz's "right to live and breathe" and his "right to be safe as per an amendment in the Constitution of the United States." [R. 1, at 4]. As relief, he seeks $1 million in damages for pain and suffering, cruel and unusual punishment, mental and emotional distress, and paranoia. *Id.* at 7.

2

The Court finds that, broadly construed, Ortiz's complaint alleges an Eighth Amendment claim against Defendants related to their alleged failure to protect him from being assaulted by his cellmates. Ortiz's claims for monetary relief are brought pursuant to the doctrine of *Bivens*, which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights." *Bivens* 403 U.S. at 397. However, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677 (2009); *see also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, in order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

After reviewing the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court finds that a response is required from Defendants Lt. Tony, Officer Rose, Officer Sizemore, and Dr. Parsons with respect to Ortiz's claims against them. Because Ortiz is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve Defendants Lt. Tony, Officer Rose, Officer Sizemore,

and Dr. Parsons with a summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, Ortiz's claims against Warden Gomez will be dismissed for failure to state a claim for which relief may be granted, as Ortiz fails to allege anything that Gomez did or did not do in violation of Ortiz's constitutional rights. Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Moreover, personal liability in a *Bivens* action hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo*, 83 F. App'x at 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights . . . ." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Ortiz's complaint makes no allegations at all against Gomez, much less allege that he was personally involved in conduct that violated Ortiz's constitutional rights. And to the extent that Ortiz seeks to impose liability on Gomez based solely upon his status as Warden, the mere fact of supervisory capacity is not

4

enough: an official must be personally involved in the conduct complained of because *respondeat superior* is not an available theory of liability. *Polk County*, 454 U.S. at 325-26. *See also Iqbal*, 556 U.S. at 677 ("[i]n a § 1983 suit or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer."). Because Ortiz does not allege that Gomez was personally involved in any conduct that violated Ortiz's constitutional rights, the Court will dismiss Ortiz's claims against Gomez without prejudice.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff Heriberto Ortiz's claims against Defendant Warden Gomez is **DISMISSED WITHOUT PREJUDICE** and Warden Gomez is **DISMISSED AS A PARTY**;

(2) The Deputy Clerk shall prepare five (5) "Service Packets" for service upon the United States of America, Defendants Lt. Tony, Officer Rose, Officer Sizemore, and Dr. Parsons. Each Service Packet shall include:

    a. a completed summons form;

    b. the Complaint [R. 1];

    c. the Order granting Plaintiff in forma pauperis status [R. 10];

    d. this Order; and

    e. a completed USM Form 285;

(3) The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

(4) The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C;

(5) The USMS shall personally serve Defendants Lt. Tony, Officer Rose, Officer Sizemore, and Dr. Parsons at USP-McCreary in Pine Knot, Kentucky through arrangement with the Federal Bureau of Prisons;

(6) Ortiz must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**; and

(7) If Ortiz wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Ortiz files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 1st day of October, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge