UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| HERIBERTO ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 6:20-cv-174-JMH |
| V. | ) | |
| | ) | |
| LIEUTENANT TONEY, *et al.* | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Heriberto Ortiz is an inmate confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Ortiz filed a civil rights action, pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against Defendants Lieutenant Toney, Officer Rose, Officer Sizemore, and Dr. Parsons. [R. 1].[1] Defendants, by counsel, have filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. [R. 29]. Ortiz has filed a response [R. 31], and Defendants have filed a reply, [R. 34]. Thus, this matter has been fully briefed and is ripe for review.

**I.**

In his complaint, Ortiz alleges that on January 3, 2020, he was assigned an inmate named Lopez as a cellmate and that Lopez

---

[1] While Ortiz also named Warden Gomez as a Defendant, Ortiz's claims against Gomez were previously dismissed after the Court's initial screening of the Complaint. [R. 11].

assaulted him. [R. 1]. Ortiz claims that he was then asked by Officer Worlly whether he wanted inmate Harold Evan-Garcia as a cellmate. Ortiz claims that he said no because Evan-Garcia is a rival to Ortiz's "association" and that Evan-Garcia has assaulted every cell mate that he has had. Notwithstanding Ortiz's protest, Ortiz claims that a week later, Evans-Garcia was brought to his cell by Officer Sexton. Ortiz says that he told Officer Rose that he needed to speak to the Lieutenant in charge. Ortiz claims that, before leaving, Officer Sizemore said, "I know what I have to do," and Officer Rose said, "You know we are going to f--- you up."

According to Ortiz, Officer Morris cuffed him up to speak to Lieutenant Toney. Ortiz alleges that he told Lt. Toney that he was in fear for his safety and life, but Lt. Toney disregarded his concerns and ordered him back to the cell. Ortiz claims that, as Officer Rose was escorting him back to the cell, he told Ortiz that Ortiz "could not dictate where [he] wanted to go" and that, when Ortiz returned to his cell, he should assault Evans-Garcia, and they would take care of the rest because they disliked Evans-Garcia.

Ortiz further alleges that on March 18, 2020, he was able to sneak a note to Dr. Parsons asking her to pull Ortiz out to speak to him because he feared for his life, but Dr. Parsons disregarded his request. According to Ortiz, approximately one week later, Evans-Garcia went to sick call. When he returned, both Ortiz and

2

Evans-Garcia were placed in restraints so that officers could open the door. Ortiz claims that Evans-Garcia's restraints were removed first, at which point he assaulted Ortiz while Ortiz was in restraints. [R. 1, at 2-3].

Based on these allegations, Ortiz claims that Defendants Lt. Toney, Officer Rose, Officer Sizemore, Warden Gomez, and Dr. Parsons violated the Bureau of Prisons ("BOP") Mission statement, as well as Ortiz's "right to live and breathe" and his "right to be safe as per an amendment in the Constitution of the United States." [R. 1, at 4]. On initial screening, the Court found that, broadly construed, Ortiz's complaint alleges an Eighth Amendment claim against Defendants related to their alleged failure to protect him from being assaulted by his cellmates. [R. 11].

In their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Defendants argue that Ortiz's Eighth Amendment claims against them must be dismissed because Ortiz failed to exhaust his administrative remedies with respect to those claims, as is required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e.

## II. A.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light

most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Ortiz is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Here, Defendants move both to dismiss and for summary judgment, attaching and relying upon a declaration extrinsic to the pleadings in support of their motion. [R. 29-2]. Thus, the Court may treat Defendants' motion to dismiss the complaint as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (where defendant moves both to dismiss and for summary judgment, plaintiff is on notice that summary judgment is being requested, and the court's consideration as such is appropriate where the nonmovant submits documents and affidavits in opposition to summary judgment).

A motion under Rule 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the

nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law. *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014). The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir. 1994). To defeat a properly supported motion for summary judgment, the party opposing the motion may not "rest upon mere allegation or denials of his pleading," but must present affirmative evidence supporting his claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). If the responding party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**

Defendants argue that Ortiz's claims against them must be dismissed because Ortiz failed to fully exhaust his administrative remedies prior to filing his lawsuit, as required by federal law. Under the PLRA, a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). The statutory language of the PLRA is clear that "[n]o action shall be brought with respect to prison conditions under…any other Federal law, by

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted); *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (the exhaustion requirement is a "strong one"); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).

Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford*, 548 U.S. at 92-94. The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff.  28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel,

who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18; *see also* BOP Program Statement 1300.16. At any level, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," *Woodford*, 548 U.S. at 90, the prisoner must file the initial grievance and any appeals within these time frames.

Failure to exhaust administrative remedies is an affirmative defense, thus the Defendants bear the burden of proof. *Jones*, 549 U.S. at 212. "When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012)). An inmate must make "some affirmative efforts to comply with the administrative procedures," and the Court will analyze "whether an inmate's efforts to exhaust were sufficient under the circumstances." *Napier*, 636 F.3d at 223-24. Summary judgment should be granted "if a defendant establishes that there is no genuine dispute of material fact that the plaintiff failed to exhaust." *Does 8-10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019).

Defendants have submitted the relevant official records maintained by the BOP of Ortiz's administrative grievance history. [R. 29-2, Eads Decl. ¶ 4, Att. C].[2] According to this documentation, the Warden's Office at USP-McCreary received an administrative remedy request related to Ortiz's claims on April 14, 2020. [R. 29-2, Eads Decl., Att. D]. In this request, Ortiz states that, although he had informed officers in the Special Housing Unit ("SHU") and psychology staff that he was legitimately concerned for his safety in a cell with a former cellmate, nothing was done, and he was assaulted thereafter. *Id.*

On May 5, 2020, the Warden responded and denied Ortiz's request, explaining that a thorough investigation into Ortiz's claims had been conducted and that staff interviews indicated that Ortiz had not provided any evidence to substantiate his claims that his safety was in jeopardy, nor did he refuse any order of a staff member regarding a cell assignment. [R. 29-2, Eads Decl., Att. D]. The response further informed Ortiz that, if he was dissatisfied with the response, he may file an appeal to the Regional Director in the Mid-Atlantic Regional Office within 20 days from the date of the Response. *Id.* However, no appeal was ever received by the Mid-Atlantic Regional Office.

---

[2] Ortiz does not dispute this documentation, and it is consistent with the administrative remedy documentation attached by Ortiz to his complaint. [R. 1-1].

In his response to Defendants' motion, Ortiz does not dispute that he did not file an appeal to the Mid-Atlantic Regional Office, nor does he claim to have filed a final appeal with the BOP's General Counsel. [R. 31]. While his response is somewhat disjointed and difficult to follow, the gist of his argument appears to be that he should be excused from the exhaustion requirement. Ortiz first states that he "exhausted all remedies available to him to the best that McCreary's staff allowed," and explains that he was held in segregation in the SHU at the time that the alleged assaults occurred, where he remained while he pursued his administrative remedies. [R. 31, at 1-2]. Ortiz further argues that he need only establish that he had an "intent" to exhaust, which he claims is established by the documentation attached to Defendant's motion regarding the BP-9 that he filed with the Warden. [R. 31, at 2 (citing R. 29-2, Eads Decl., Att. D)]. Ortiz also refers to a "tort (for injury) Form-95" that he claims to have filed, to which the BOP did not timely respond. [R. 31, at 2-3]. Finally, Ortiz argues that because exhaustion is an affirmative defense, the Defendant has a burden to demonstrate that the administrative process was available to Ortiz "without delay and/or hinderance by staff." *Id.*, at 3-4. However, none of Ortiz's arguments are availing.

First, the fact that Ortiz was pursuing his administrative remedies while in the SHU does not excuse his failure to exhaust

these remedies. In fact, despite being housed in the SHU, Ortiz
did file an administrative grievance related to his claim on April
14, 2020, thus demonstrating that the administrative process was
available to Ortiz, notwithstanding his placement in the SHU. [R.
1-1; R. 29-2]. However, after that grievance was denied, he failed
to pursue the matter further by filing an appeal with either the
BOP's Mid-Atlantic Regional Office or with the Office of General
Counsel. [R. 29-1; R. 29-2, Eads Decl., ¶ 7, Att. C].

Nor is it sufficient that Ortiz simply show that he had an
"intent" to exhaust his claims by filing a BP-9 with the Warden.
Ortiz cites to no legal authority for his argument that a
demonstration of intent is all that is required to satisfy the
administrative exhaustion requirement. Moreover, the fact that he
successfully completed one of the early steps of the administrative
grievance process by filing a BP-9 is insufficient to prove that
he had an "intent" to pursue each of the administrative appeals
required to exhaust his claims.

It is also irrelevant that Ortiz claims to have submitted a
Standard Form 95 ("SF-95"), the administrative claim form used to
present a tort claim for administrative settlement to a federal
agency, a prerequisite to filing a tort claim against the United
States brought pursuant to the Federal Tort Claims Act, 28 U.S.C.
§ 2670 *et seq*. ("FTCA"). [R. 31, at 2]. Ortiz's complaint alleges
a constitutional claim against the individual Defendants, not a

negligence claim against the United States brought pursuant to the FTCA. Constitutional claims seeking to recover from individual officers pursuant to *Bivens* and tort claims seeking to recover from the United States based on allegations of negligence by its employees are separate and distinct claims, each with their own administrative remedy procedures. Thus, Ortiz's presentation of a tort claim for administrative settlement is irrelevant to his exhaustion of his administrative remedies with respect to his constitutional *Bivens* claims. *Brockett v. Parks*, 48 F. App'x 539, 541 (6th Cir. 2002) (an inmate's "attempts to pursue his FTCA claim have no bearing on whether or not he exhausted his *Bivens* claim."); *see also Clay v. United States,* 05-CV-599-KKC, 2006 WL 2711750, at 12* (E.D. Ky. Sept. 21, 2006) ("The fact that Plaintiff fully exhausted his FTCA claim did not relieve him of his duty to fully exhaust his *Bivens* claims.").

The remainder of Ortiz's response appears to argue that he should be excused from the exhaustion requirement because the administrative remedy process was "unavailable" to him. It is true that, while the exhaustion requirement of the PLRA is a strong one, the Supreme Court has held that the PLRA requires that a prisoner exhaust "available" remedies, such that administrative exhaustion may be excused if the administrative process is "unavailable." *Ross v. Blake*, 136 U.S. 1850 (2016).

Ortiz argues that, since exhaustion of administrative remedies is an affirmative defense, the Defendants have the additional burden of "proving that the administrative remedy process was available to Ortiz without delay and/or hinderance by staff." [R. 31, at 4]. However, Ortiz is incorrect about the Defendants' burden of proof. While it is true that exhaustion is an affirmative defense, the defendants' initial burden is satisfied by showing that there was a generally available administrative remedy that the prisoner did not exhaust. *Albino v. Baca*, 747 F.3d 1152, 1172 (9th Cir. 2014). Once the defendants' burden is satisfied, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)) ("[The burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.")); *see also Napier*, 636 F.3d at 225-26 (once the defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat the defendants' motion for summary judgment); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff

failed to exhaust, however, the onus falls on the plaintiff to show that remedies were unavailable to him . . . .").

Ortiz fails to sustain this burden. In his response, while Ortiz refers to the general obligations of prison staff to respond to grievances, deliver forms, and forward administrative remedy forms to the appropriate office or staff, he never claims that any particular staff failed to fulfill any of these obligations with respect to his claim in this case. In fact, he fails to make any attempt to develop this claim in any meaningful way at all. Although the Court has an obligation to liberally construe pleadings filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("A court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("No doubt, we expect less of pro se litigants than we do of counseled litigants - and appropriately so. But those modest expectations are not non-existent. '[P]ro se parties must still brief the issues advanced with some effort at developed argumentation.'") (*quoting Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003)).

To the extent that Ortiz seeks to rely on the allegations of his complaint to show the "unavailability" of the administrative process, his complaint alleges that he filed appeals with both the

13

Regional Director and General Counsel, but notes "alleged never received" for the dates that he claims to have submitted these appeals. [R. 1, at 4]. However, the party opposing a summary judgment motion may not "rest upon mere allegation or denials of his pleading," but must present affirmative evidence supporting his claims. *See Anderson*, 477 U.S. at 256-57. Thus, Ortiz's bare allegation in his complaint that he filed appeals to the Regional Director and Office of General Counsel which were "allegedly never received" is insufficient to defeat the Defendants' motion for summary judgment that is supported by evidence that Ortiz never actually filed these appeals.

Moreover, to the extent that Ortiz allegations claim that he filed an appeal with the Regional Director, but never received a response, the failure to receive a response does not render the grievance process "unavailable." Rather, if no response is received at any level, a prisoner is permitted to construe the lack of response as a constructive denial, which may then be appealed to the next level. *See* 28 C.F.R. §§ 542.15 and 542.18. Ortiz did not do so here. Ortiz's failure to see his initial filing through to the next step of the process (which he could have done) does not render the grievance process "unavailable" to justify excusing him from the exhaustion requirement. *See Belser v. Woods*, No. 17-2411, 2018 WL 6167330, at *2 (6th Cir. July 6, 2018) (where the applicable grievance process construed a lack of timely

response as a constructive denial, thus permitting the prisoner to move to the next step of the process, but the prisoner fails to do so, there is no "genuine dispute as to any material fact regarding non-exhaustion.") (quotations omitted).

In response to Defendants' motion, Ortiz also filed a "motion to supplement *Bivens* claim," in which he seeks to supplement his original complaint with an "Affidavit of Events." [R. 32]. In this affidavit, Ortiz claims that, after his March 2020 assault, he "attempted to file a (blue) BP-299 and then a (yellow) BP-230 administrative remedy form(s) and experienced my unit team members refusal of form, delay in filing submitted forms, et cetera." *Id*.

As a procedural matter, to the extent that Ortiz's motion requests to supplement his complaint, motions to supplement pleadings are addressed by Federal Rule of Civil Procedure 15(d). Under Rule 15(d), the Court may permit a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). As Ortiz's motion does not relate to a transaction or occurrence that happened after he filed his complaint, his motion is not a proper motion to supplement under Rule 15(d). *See Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007); *see also Chicago Reg. Council of Carpenters v. Village of Schaumburg*, 644 F. 3d 353, 356-57 (7th Cir. 2011). Nor is Ortiz's motion sufficient to amend his complaint, as he fails to tender a

proposed amended complaint, a necessary step to permit the Court to assess its viability or to ensure that the proposed amendment would not be futile. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014) (a party seeking an amendment must attach a copy of the proposed amended complaint to his motion). For these reasons, Ortiz's "motion to supplement" [R. 32] will be denied to the extent that it seeks to supplement and/or amend his complaint.

To the extent that Ortiz intends his "motion to supplement" to be considered as evidentiary support of his response in opposition to the Defendants' dispositive motion, his belated allegations that prison officials refused to provide him with the required forms directly contradict his prior allegations of his complaint that he submitted appeals with the Regional Director and the Office of General Counsel which were allegedly never received. [R. 1, at 4].

Moreover, Ortiz's vague, conclusory statements that he "experienced my unit team members refusal of form, delay in filing submitted forms, et cetera" offer no specific facts to support his claim, thus fall well short of the detail required to create an issue of fact for purposes of defeating a well-supported motion for summary judgment. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute

that will defeat summary judgment."). "Just as a plaintiff may not rely on conclusory allegations to proceed past the pleading stage…, so too a plaintiff may not rely on conclusory evidence to proceed past the summary-judgment stage." *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (citing *Twombly*, 550 U.S. 570; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990)); *see also Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment.") (citation omitted); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325 n. 1 (6th Cir. 1988) ("[A] motion for summary judgment may not be defeated by factual assertions in the brief of the party opposing it, since documents of this nature are self-serving and are not probative evidence of the existence or nonexistence of any factual issues."); *Perry v. Agric. Dep't*, No. 6: 14-168-DCR, 2016 WL 817127, at *10 (E.D. Ky. Feb. 29, 2016) ("[C]onclusory allegations are not evidence and are not adequate to oppose a motion for summary judgment.").

In addition, despite Ortiz's vague claims that he experienced delays and was refused forms, "[a] plaintiff seeking to be excused from the exhaustion requirement on [unavailability] grounds must do more than make unsupported conclusory allegations of misconduct by prison officials." *Bell v. Ward*, 189 F. App'x

17

802, 803-04 (10th Cir. 2006) (citations omitted); *see also Belser v. James*, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017) (generalized statements are insufficient to create a genuine dispute of material fact as to whether the administrative process is available). Thus, Ortiz's vague and unspecific allegations of delays and refusals of forms are insufficient to defeat Defendants' properly supported motion for summary judgment.

For all of these reasons, the Court finds that Ortiz failed to fully exhaust his available administrative remedies with respect to his Eighth Amendment claims alleged in this case. Thus, Defendants' motion will be granted and Ortiz's complaint will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** as follows:

(1) Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [R. 29] is **GRANTED;**

(2) Plaintiff's Motion to Supplement *Bivens* Claim [R. 32] is **DENIED;**

(3) Plaintiff's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE;**

(4) Any pending request for relief is **DENIED AS MOOT;**

(5) The Court will enter an appropriate Judgment; and

(6) This matter is **STRICKEN** from the Court's docket.

This 13th day of January, 2022.

18



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge